UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**CASE NO. 26-61191-CV-DIMITROULEAS**

ALEJANDRO LEDEZMA BASTIDAS,
*By and through his next friend*
*Ximena Cordoba,*

      Petitioner,

v.

FACILITY ADMINISTRATOR, BROWARD
TRANSITIONAL CENTER, *et al.*,

      Respondents.

                              /

## <u>ORDER</u>

**THIS CAUSE** is before the Court on Petitioner Alejandro Ledezma Bastidas

("Petitioner")'s Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 (the "Petition"). [DE

1]. The Petition was filed by and through next friend Ximena Cordoba ("Cordoba"). Petitioner

challenges his detention by U.S. Immigration and Customs Enforcement and seeks immediate

release from custody or an individualized bond hearing before an immigration judge. [*Id*. at 6-7].

The Court has screened the Petition in accordance 28 U.S.C. § 2243. Because it appears from the

Petition that Petitioner is not entitled to the relief requested, the Petition is **DISMISSED**.

Section 2241 authorizes a district court to grant a writ of habeas corpus whenever a

petitioner is "in custody in violation of the Constitution or laws or treaties of the United States."

28 U.S.C. § 2241(c)(3). District courts have the authority to summarily dismiss a § 2241 petition

if "[i]t plainly appears from [the] petition that [petitioner] is not entitled to § 2241 relief." *Morgan*

*v. Warden*, 589 F. App'x 530, 531 (11th Cir. 2015) (citing *Hittson v. GDCP Warden*, 759 F.3d

1210, 1270 (11th Cir. 2014)); *see also* 28 U.S.C. § 2243 (providing that a § 2241 petition can be

dismissed if "[i]t appears from the application that the applicant or person detained is not entitled [to the relief requested.]"). "Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." *McFarland v. Scott*, 512 U.S. 849, 856 (1994).

Here, the Court shall summarily dismiss the Petition.  Petitioner previously filed a Petition for Writ of Habeas Corpus challenging his immigration detention. *See* Petition at 4, *Ledezma Bastidas v. Swam*, Case No. 26-cv-60806-Dimitrouleas (S.D. Fla. Mar. 19, 2026), Dkt. No. 1. Petitioner argued that his prolonged immigration detention without a bond hearing violated his due process rights and sought an individualized bond hearing before an immigration judge. *Id*. at 9–11.  Having considered the petition, the Court ordered an expedited response from respondents. *See* Order Requiring Expedited Response from Respondents at 1, *Ledezma Bastidas v. Swam*, Case No. 26-cv-60806-Dimitrouleas (S.D. Fla. Mar. 20, 2026), Dkt. No. 4.  After considering the petition and the response, the Court denied the petition — finding Petitioner was subject to mandatory detention under 28 U.S.C. § 1225(b)(2) because he was present in the United States without being admitted or paroled, despite having entered illegally many years ago. *See* Order Denying Petition for Writ of Habeas Corpus at 2, *Ledezma Bastidas v. Swam*, Case No. 26-cv-60806-Dimitrouleas (S.D. Fla. Apr. 2, 2026), Dkt. No. 10 (citing *Buenrostro-Mendez v. Bondi et al.*, Case. Nos. 25-20496; 25-40701 (Feb. 6, 2026)).

In the instant Petition, Petitioner again challenges the legality of his immigration detention and seeks immediate release or an individualized bond hearing before an immigration judge. [*See* DE 1 at 7].  The Petition must be summarily dismissed because Petitioner is not entitled to the relief he requested.  In denying Petitioner's previous petition, this Court held that Petitioner was subject to mandatory detention under 28 U.S.C. § 1225(b)(2) because he was present in the United States without being admitted or paroled, despite having entered illegally many years ago.  *See*

2

Order Denying Petition for Writ of Habeas Corpus at 2, *Ledezma Bastidas v. Swam*, Case No. 26-cv-60806-Dimitrouleas (S.D. Fla. Apr. 2, 2026), Dkt. No. 10 (citing *Buenrostro-Mendez v. Bondi et al.*, Case. Nos. 25-20496; 25-40701 (Feb. 6, 2026)).  Petitioner offers no new factual or legal arguments that would constitute a material change in circumstances warranting a different result. Because Petitioner is subject to mandatory detention under 28 U.S.C. § 1225(b)(2), he is not entitled to an individualized bond hearing or release from custody.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Petitioner's Petition for a Writ of Habeas Corpus [**DE 1**] is summarily **DISMISSED**.

2. The Clerk shall **CLOSE** this case and **DENY AS MOOT** any pending motions.

3. The Clerk shall mail a copy of this order to Petitioner.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 24th day of April 2026.

WILLIAM P. DIMITROULEAS
United States District Judge

Copies furnished to:
Counsel of Record
Email: usafls-immigration@usdoj.gov
Email: usafls-2255@usdoj.gov

Alejandro Ledezma Bastidas, *Pro Se*
A 077-751-503
Broward Transitional Center
Inmate Mail/Parcels
3900 North Powerline Road
Pompano Beach, FL 33073